**E-FILED**
Friday, 26 February, 2010 03:48:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HOWARD E. SHOULTZ, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1046 |
| ILLINOIS STATE UNIVERSITY, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis (Doc. 3) and his Motion for Appointment of Counsel (Doc. 2). For the reasons stated below, both motions are denied.

### MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to commence a civil suit without prepayment of the filing fee. In this case, Plaintiff has paid his filing fee, and has also submitted an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 3). The Court believes that such application was filed in support of Plaintiff's Motion for Appointment of Counsel, rather than as a request to be allowed to proceed without payment of the filing fee, as Plaintiff has paid the filing fee. Therefore, the Court denies the Motion to Proceed in forma pauperis as moot.

Even if the Court were to consider the Motion to Proceed in forma pauperis, it would be denied on its merits. Plaintiff states that, between himself and his wife, he receives $3600 each month, which will soon be reduced to $3200 each month.

This works out to an annual income of $43,200 or $38,400. Our Appellate Court has held that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Courts have sometimes used the Federal Poverty Guideline as a threshold for determining whether to allow a civil plaintiff to proceed without payment of fees. *See, e.g.*, *Hernandez v. Dart*, 635 F.Supp.2d 798, 805 (N.D. Ill. 2009). Either of Plaintiff's annual incomes is well above the 2009 Federal Poverty Guideline of $14,570 for a two-member household, and the Court will not grant Plaintiff's Motion to Proceed in forma pauperis. Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. 4199-04 (Jan. 23, 2009). Therefore, Plaintiff is not permitted to proceed in forma pauperis.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a Motion for Appointment of Counsel. Civil litigants have no constitutional or statutory right to counsel, and the decision to request counsel for a civil litigant is a matter left to the district court's discretion. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Under 29 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person *unable to afford counsel*." (emphasis added). As noted above, Plaintiff has filed an "Application to Proceed in District Court without Prepaying Fees or Costs" in support of his Motion for Appointment of Counsel, which shows that he receives either $43,200 or $38,400 per year in income. The Court has determined that Plaintiff is not indigent, and

thus declines to seek pro bono representation on his behalf. *See Hairston v. Blackburn*, 09-cv-598, 2010 WL 145793, *10 (S.D. Ill. Jan. 12, 2010) ("proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)") (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).); *Jackson v. Police's Annuity and Ben. Fund*, 97-c-7438, 1997 WL 736722, *1 (N.D. Ill. Nov. 17, 1997) ("This Court cannot break the operative rules that provide for representation of 'any person unable to afford counsel' (28 U.S.C. § 1915(e)(1)), a standard that is linked by *id*. § 1915(e)(2) to a showing of 'poverty.'").

Even if Plaintiff had shown that he was unable to afford counsel, the Court would not appoint counsel in this case. *Pruitt*, 503 F.3d at 654 (Court must ask whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and whether, given the difficulty of the case, the plaintiff appears competent to litigate it himself.). It is unclear from Plaintiff's statement that he has "called attorney's [*sic*] and to no avail" whether he has met the requirement of making a reasonable attempt to obtain counsel, but even if he had, the Complaint shows this to be a straightforward employment discrimination case and there is no indication that Plaintiff is unable to litigate it himself, as he has shown that he can read and write, as well as competently explain what his complaints against Defendant are.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in forma pauperis (Doc. 3) is DENIED AS MOOT, and that his Motion for Appointment of Counsel (Doc. 2) is DENIED.

Entered this 26th day of February, 2010.

                                             s/ Joe B. McDade
                                            JOE BILLY McDADE
                                          United States District Judge